UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY L. AMBROSE; HABIB GUIRGUIS,
On behalf of themselves and all
others similarly situated,
Plaintiffs-Appellants,

and

RICHARD GRANT BIRD,
Plaintiff,

v.

No. 95-2466

BLUE CROSS & BLUE SHIELD OF
VIRGINIA, INCORPORATED, a/k/a
Trigon Blue Cross Blue Shield;
HMO OF VIRGINIA, INCORPORATED;
HEALTHKEEPERS, INCORPORATED,
formerly known as Healthkeepers of
Virginia, Incorporated,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-94-636-3)

Argued: June 5, 1996

Decided: August 27, 1996

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Seaton D. Purdom, GAMBRELL & STOLZ, Atlanta, Georgia, for Appellants. James Patrick McElligott, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellees. **ON BRIEF:** Irwin W. Stolz, Jr., GAMBRELL & STOLZ, Atlanta, Georgia; Richard Tyler McGrath, KANE, JEFFRIES, FORMAN & GAYLE, Richmond, Virginia, for Appellants. R. Gordon Smith, David F. Dabbs, Pamela L. Ventura, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia; Jeanette D. Rogers, BLUE CROSS & BLUE SHIELD OF VIRGINIA, Richmond, Virginia; James C. Roberts, MAYS & VALENTINE, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The defendant health insurers--Blue Cross & Blue Shield of Virginia, Inc. (now known as Trigon Blue Cross Blue Shield), and its two subsidiaries, Blue Cross Blue Shield HMO of Virginia, Inc., and Healthkeepers, Inc. (collectively, "Trigon")--allegedly negotiated secret volume discounts with health care providers, which they applied only to their own portion of medical costs when calculating policyholder copayments and annual deductibles. As a result, insureds effectively paid a higher percentage of the true medical costs than represented in policy literature and contracts. The discounting arrangements triggered an investigation by Virginia's State Corporation Commission ("SCC"). The SCC concluded that Trigon's practices violated several provisions of Virginia's Insurance Code, including laws prohibiting unfair claims settlement practices and misrepresentation of insurance policy terms. On September 22, 1994, the SCC entered an Order Accepting Offer of Settlement, under which

2

Trigon agreed to pay a fine of $5 million and to implement a Coinsurance Refund Program to refund excess payments to policyholders. During the Refund Program's initial phase, Trigon paid approximately 128,000 claims, totalling $21.9 million.

The same discounting practices formed the basis for the appellants' civil action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). Nancy L. Ambrose and Habib Guirguis represent classes of policyholders who claimed that they were defrauded by the use of secret discounting practices designed to inflate their copayment burden. The district court dismissed the action under Rule 12(b)(6), ruling that the application of RICO is precluded by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b). Ambrose v. Blue Cross & Blue Shield of Virginia, 891 F. Supp. 1153 (E.D. Va. 1995).

The McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., was passed in 1945 with the "primary objective of granting the states broad regulatory authority over the business of insurance." United States Dep't of Treasury v. Fabe, 508 U.S. 491, 505 (1993). Section 2(b)--the centerpiece of the Act--provides, in part:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance . . . .

15 U.S.C. § 1012(b). The sole issue on appeal is whether the district court correctly ruled that Section 2(b) of the Act, providing for plenary regulatory authority of the "business of insurance" by states, precludes a RICO claim based on conduct already regulated by Virginia's Insurance Code.

In its comprehensive opinion, the district court determined that the relevant state laws--portions of the "Unfair Trade Practices" chapter of Virginia's insurance code prohibiting misrepresentation of policy terms, deceptive insurance advertising, and unfair claim settlement practices--were "by their terms, [ ] aimed at protecting and regulating the relationship between insurer and insured." Ambrose, 891 F.Supp. at 1163 (construing Va. Code §§ 38.2-502, 503, 510). Allowing a

3

RICO action under the circumstances, the district court reasoned, would "greatly impair the SCC's ability to enforce Virginia's insurance code and, specifically, to secure from insurers settlements that are in the interest of all insureds and in the public interest as well." Id. at 1166. Similarly, because of the dramatic disparity in the cause of action and remedies available to RICO plaintiffs, RICO would effectively supplant Virginia's chosen system of redress. Id. at 1165.

We fully agree with the district court's reasoning and conclusion that the plaintiffs' RICO claim is precluded by the McCarran-Ferguson Act, and therefore affirm the decision below on that basis. Ambrose v. Blue Cross & Blue Shield of Virginia , 891 F. Supp. 1153 (E.D.Va. 1995).

AFFIRMED

4